**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Reneau Landers Smith, | No. CV-22-01974-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Community Bridges Incorporated, | |
| Defendant. | |

Plaintiff Reneau Landers Smith, who is proceeding *pro se*, has sued her former employer, Defendant Community Bridges Incorporated, for civil rights violations under Title VII of the Civil Rights Act and the Americans with Disabilities Act ("ADA"), as well for a contract and a tort claim. Pending before the Court is Defendant's motion to dismiss for failure to state a claim, which is fully briefed. (Docs. 17, 19, 20.) For the following reasons, the Court grants Defendant's motion.

**I.     BACKGROUND**[1]

Plaintiff filed this action on November 21, 2022, alleging discrimination under Title VII and the ADA related to a series of incidents at her workplace beginning June 8, 2021, and continuing until September 8, 2021. (Doc. 1, Doc. 15 at 4, 6.) On February 3, 2022, Plaintiff opened an inquiry with the Equal Employment Opportunity Commission ("EEOC"). (*Id.* at 6.) Then, on July 13, 2022, Plaintiff filed a charge of discrimination with

---

[1] This section draws from the allegations in the Amended Complaint (Doc. 15), which are accepted as true for the purposes of this order.

the EEOC.[2] (Doc. 1 at 12.) The EEOC issued Plaintiff a right-to-sue letter on August 22, 2022. (*Id.*)

Plaintiff's Amended Complaint alleges the following counts against Defendant: (1) violation of Title VII; (2) violation of the ADA; (3) breach of the covenant of good faith and fair dealing; and (4) intentional infliction of emotional distress. (Doc. 15.) The Court now turns to Defendant's pending motion to dismiss Plaintiff's Amended Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

## II.   LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (citations and quotation marks omitted). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard requires more than the sheer possibility or conceivability that a defendant has acted unlawfully." *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013). A claim is not plausible if the complaint clearly discloses a "complete and obvious defense" to the claim. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984); *ASARCO, LLC v. Union Pacific Railroad Co.*, 765 F.3d 999, 1004 (9th Cir. 2014). Dismissal of a complaint, or any claim within it, may be based on either a "lack of a cognizable theory" or "absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Generally, a court only considers the contents of a complaint when ruling on a Rule 12(b)(6) motion to dismiss. *United States v. Corinthian Colleges*, 655 F.3d 984, 998–99 (9th Cir. 2011). However, in certain circumstances, a court may also consider documents

---

[2] Plaintiff's EEOC charge is attached to her Original Complaint. Although an amended complaint generally supersedes a prior complaint, the Court may take judicial notice of a prior complaint. *See Tekle v. United States*, No. CV01-11096-RSWL-EX, 2002 WL 1988178, at *3 (C.D. Cal. April 30, 2002) (taking judicial notice of plaintiff's prior complaint with its exhibits). The Court does so here.

- 2 -

attached to the complaint as well as matters of judicial notice. *Id.* at 999. In ruling on a motion to dismiss, a court must accept well-pleaded factual allegations in the complaint as true, but not "[t]hreadbare recitals of the elements of a cause of action" and "legal conclusion[s] couched as factual allegations." *Iqbal*, 556 U.S. at 678–79. A court is also not required to accept as true "allegations that contradict matters properly subject to judicial notice or exhibit." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Courts are to liberally interpret a *pro se* litigant's complaint and grant them the "benefit of any doubt." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). If their complaint fails to state a claim, the Court must freely grant leave to amend if it is "at all possible that the plaintiff could fix the identified pleading errors by alleging different or new facts." *Cafasso v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011) (citation omitted).

**III.   ANALYSIS**

Defendant argues that the Court should dismiss Plaintiff's federal law claims pursuant to Title VII and the ADA because Plaintiff failed to timely submit an EEOC charge as required by statute. (Doc. 17.) Defendant then argues that based on the dismissal of Plaintiff's federal law claims, the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims and should accordingly dismiss them. (*Id.*). The Court addresses each argument in turn.

**A. Title VII and ADA Claims**

To bring either a Title VII or ADA lawsuit, a plaintiff must first exhaust her administrative remedies under 42 U.S.C. § 2000e-5 by filing a charge with the EEOC against the allegedly discriminatory party. *Josephs v. Pacific Bell*, 443 F.3d 1050, 1061 (9th Cir. 2006); *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47 (1974). A plaintiff must file the charge with the EEOC within 180 days of the alleged discriminatory or retaliatory act. 42 U.S.C. § 2000e-5(e)(1); *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002). "A claim is time barred if it is not filed within [this] time limit[]." *Id.* Once the agency issues a right-to-sue letter, a plaintiff has 90 days to file an action in

federal district court. 42 U.S.C. § 2000e-16(c). That said, the issuance of a right-to-sue letter does not cure an untimely filed EEOC charge. *See Gifford v. Atchison, Topeka, & Santa Fe Ry. Co.*, 685 F.2d 1149, 1153–54 (9th Cir. 1982) (holding that despite EEOC's right-to-sue letter, plaintiff's claim was time-barred due to her untimely EEOC charge).

Plaintiff did not timely file her EEOC charge in this case. The Amended Complaint only concerns events occurring between June 8, 2021, and September 8, 2021. Assuming *arguendo* the continuing violations doctrine applies, Plaintiff had 180 days from September 8, 2021 to file a formal charge with the EEOC, with an expiration date of March 7, 2022. *See Douglas v. Cal. Dep't of Youth Authority*, 271 F.3d 812, 822 (9th Cir. 2001) ("The continuing violations doctrine extends the accrual of a claim if a continuing system of discrimination violations an individual's rights up to a point in time that falls within the applicable limitations period."). Yet, Plaintiff's EEOC charge was not filed until July 13, 2022, making it untimely. *See Barrett v. City of Milwaukee*, No. CV-22-01731-PHX-GMS, 2023 WL 4421577, at *2 (D. Ariz. July 10, 2023) (dismissing plaintiff's Title VII and ADA claims because complaint failed to demonstrate that plaintiff timely filed a charge with the EEOC).

Plaintiff contends that the doctrine of equitable tolling should apply because "the global COVID-19 pandemic has significantly impacted . . . the functioning of administrative agencies and the ability to timely file legal documents" and that "the delay in submitting the EEOC claim should be considered excusable due to the COVID-19 related staff reductions that hindered the processing of claims during that time." (Doc. 19 at 2.) The Court disagrees.

"Equitable tolling applies . . . when extraordinary circumstances beyond the plaintiff's control made it impossible to file a claim on time." *Stoll v. Ryan*, 165 F.3d 1238, 1242 (9th Cir. 1999). "[A]lthough a plaintiff may be able to show that circumstances related to COVID-19 are sufficiently extraordinary to trigger equitable tolling, the COVID-19 pandemic does not automatically warrant equitable tolling for any plaintiff who seeks it on that basis, because the plaintiff must establish . . . that the COVID-19 pandemic

specifically prevented him from filing his claim." *Smith v. United States*, No. C21-5747-BHS-SKV, 2021 WL 5910486, at *4 (W.D. Wash. Dec. 1, 2021), *report and recommendation adopted*, 2022 WL 36896 (W.D. Wash. Jan. 3, 2022) (cleaned up); *see also Uchikura v. Willis Towers Watson Call Ctr.*, No. CV-22-00002-PHX-DWL, 2022 WL 17552449, at *11 (D. Ariz. Dec. 9, 2022) (denying request for equitable tolling because plaintiff "fail[ed] to plead how the COVID-19 pandemic specifically prevented him from filing a charge within the limitation period" or "how he or the EEOC were affected by the COVID-19 pandemic in such a way that timely filing was impeded").

Here, Plaintiff fails to plead that she was pursuing her rights diligently and that the COVID-19 pandemic specifically prevented her from timely filing her EEOC charge. Even if the pandemic caused a delay in the EEOC's response time, that delay is a matter separate from the Plaintiff's own timely filing of a charge. Because Plaintiff has not alleged sufficient facts to establish that she is entitled to equitable tolling based on the COVID-19 pandemic, it remains that Plaintiff failed to submit a timely EEOC charge for either her Title VII claim or her ADA claim. Since neither of these claims can be cured by the allegation of additional facts, the Court dismisses both with prejudice.

### B. State Law Claims

The remainder of Plaintiff's claims arise pursuant to Arizona state law. Given that the Plaintiff has failed to state any federal causes of action, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. *Les Shockley Racing v. Nat'l Hod Rod Ass'n*, 884 F.2d 504, 509 (9th Cir. 1989) ("When . . . the court dismisses the federal claim[s] leaving only state claims for resolution, the court should decline jurisdiction over the state claims and dismiss them without prejudice."). Thus, the Court dismisses without prejudice Plaintiff's claim for breach of the implied covenant of good faith and fair dealing and her claim for intentional infliction of emotional distress.

**IT IS ORDERED** that Defendant's motion to dismiss (Doc. 17) is **GRANTED**. Specifically, Plaintiff's federal claims under Title VII and the ADA are **dismissed with**

**prejudice**, and Plaintiff's state law claims are **dismissed without prejudice**. The Clerk of the Court is directed to enter judgment accordingly and terminate this case.

Dated this 2nd day of January, 2024.

_____
Douglas L. Rayes
United States District Judge